IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JONATHAN FRANCIS, | § | |
| TDCJ-CID No. 687802, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-10-65 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Jonathan Francis ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Dkt. No. 1.) Rick Thaler ("Respondent") has filed a Motion for Summary Judgment. (Dkt. No. 11), to which Petitioner has not responded. Having considered the motion, record, and relevant law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

### Background

Petitioner claims that his rights were violated in the course of disciplinary proceeding number 20100305054. (Dkt. No. 1 at 5.) Petitioner was charged with threatening an officer through his tone and demeanor. (Disciplinary Hearing Record (DHR) at 4.) Petitioner was notified of the charge on June 28, 2010 and attended a hearing on July 1, 2010, where he was found guilty. (*Id.* at 9.) The Disciplinary Hearing Officer imposed the following punishment: 45 days loss of commissary; 45 days of cell restriction; a reduction in class from S3 to L1; and 1 day lost good time credit. (*Id.*)

On July 4, 2010, Petitioner submitted a Step 1 grievance form. (Disciplinary Grievance Record (DGR) at 4.) The Step 1 grievance claimed that Petitioner's punishment was in retaliation for previous grievances filed by Petitioner against prison staff and that Petitioner's demeanor, which was the basis for the punishment, was not visible to the officers from their location. (*Id.* at 4-5.) Petitioner further claimed that he did not make the statement the officers alleged, making it impossible for the officer to feel threatened by Petitioner's tone. (*Id.*) The Step 1 grievance was rejected on July 10, 2010. (*Id.* at 4.)

On July 12, 2010, Petitioner submitted a Step 2 grievance form. (*Id.* at 2.) Petitioner's claim in the Step 2 grievance was that Assistant Warden D. Clay did not properly investigate the grievances asserted in the Step 1 grievance. (*Id.* at 1.) Petitioner also denied ever threatening the officer and requested a transfer from the Stevenson Unit in Cuero, Texas. (*Id.* at 1-2.) Petitioner's Step 2 grievance was rejected on July 30, 2010. (*Id.* at 2.)

Petitioner signed and mailed the instant habeas petition on August 23, 2010. (Dkt. No. 1 at 1.)

## Claims and Allegations

Petitioner alleges two grounds for his claim that his due process rights were violated:

1. Petitioner is innocent, and there is insufficient evidence to sustain the loss of property, loss of commissary privileges, loss of good time, and reduction in line class; and

2. TDCJ-CID has not transferred Petitioner to another facility, despite finding he made a threat against an officer.

## Summary Judgment

Respondent is entitled to summary judgment if the pleadings and evidence "show there is no genuine issue as to any material fact and that the [respondent] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Respondent, as the movant, bears the burden of convincing the Court that this standard has been satisfied.

**Analysis**

In order to obtain habeas relief, Petitioner must establish a violation of a constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). "[The] Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, U.S. 472, 478 (1995). A lawfully incarcerated petitioner loses many rights and privileges most citizens enjoy. *Id.* at 485; *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). States may determine certain liberty interests that are protected under the Due Process Clause. *Sandin*, 515 U.S. at 483-84; *Madison*, 104 F.3d at 767. Those liberty interests are generally limited to restraint that would place an uncommon and significant hardship on the incarcerated person. *Sandin*, 515 U.S. at 484.

The Court finds that Petitioner's loss of property and commissary privileges does not rise to the level of being uncommon or a hardship beyond "the ordinary incidents of prison life." *Sandin*, 151 U.S. at 484. Loss of such privileges amount to a change in the conditions of confinement; thus, they do not involve the protections afforded by the Due Process Clause. *Id.* at 486.

Similarly, Petitioner's reduction in line class from S3 to L1 does not entitle him to habeas relief, as it will not have an "inevitable affect on the duration of his sentence." *Sandin*, 515 U.S. at 487. Petitioner cannot show with enough certainty that the reduction in line class altered his sentence and substantially affect a potential accelerated release.

Finally, Petitioner's loss of one day of good-time credit does not invoke due process protection. A petitioner is not entitled to habeas corpus relief unless he can prove he is being denied some right given in the United States Constitution. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Here, the mandatory supervision statute in effect when Petitioner was convicted of first degree murder makes him ineligible for release to mandatory supervision. Tex. Code Crim. Proc. art. 42.18 § 8(c)(1) (West

1993). Petitioner was specifically excluded by the Texas legislature from being eligible for mandatory supervised release, thus he does not have a liberty interest in his good-time credit.

Because Petitioner has not established a violation of constitutional right, he is not entitled to federal habeas relief.

## Certificate of Appealability

A certificate of appealability may be issued only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2).  To make such a showing, the petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable.  Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

Based on the foregoing:

1. Respondent's Motion for Summary Judgment (Dkt. No. 11) is GRANTED;

2. Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is DENIED; and

3. A Certificate of Appealability shall not issue.

It is so **ORDERED**.

**SIGNED** this 22nd day of August, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE